IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LARRY EVANS**                                                    **PETITIONER**

v.                                                            **CIVIL ACTION No. 2:15-cv-11-KS-MTP**

**STATE OF MISSISSIPPI**                                        **RESPONDENT**

## REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on the Petition of Larry Evans for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254, Respondent's Motion to Dismiss [8] pursuant to 28 U.S.C. § 2244(d) and Petitioner's Motion to Stay and/or Motion to Prosecute Proceeding [9].[1] Having considered the parties' submissions, the documents made a part of the record, and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [8] be granted, Petitioner's Motion [9] be denied, and the Petition [1] be dismissed with prejudice.

## PROCEDURAL HISTORY

On June 8, 2010, Petitioner was convicted of robbery in the Circuit Court for the Second Judicial District of Jones County and sentenced to a term of fifteen (15) years. Petitioner appealed his conviction and the Mississippi Court of Appeals affirmed his conviction and sentence on June 14, 2011. *Evans v. State*, 75 So. 3d 2011 (Miss. Ct. App. 2011). The Mississippi Court of Appeals denied Petitioner's Motion for Rehearing on September 6, 2011. Petitioner sought further review in the Mississippi Supreme Court via certiorari, which the court denied on December 8, 2011. Based on a review of the record and a review of the United States Supreme

---

[1]Though docketed as a motion, this filing is essentially Petitioner's response to the Motion to Dismiss [8] and presents further argument in support of the petition.

Court's automated docket system, Petitioner did not file for writ of certiorari in the United States Supreme Court.[2]

On November 17, 2014, Petitioner filed his first Motion for Post Conviction Relief in state court. Motion [8-3]. On January 14, 2015, the Supreme Court denied the Motion as procedurally barred and, alternatively, as without merit. Order [8-4]. On November 19, 2014, Petitioner filed a second Motion for Post Conviction Relief in Jones County Circuit Court.[3] Motion [8-5]. On December 31, 2014, Jones County Circuit Court dismissed the Motion as time barred. Order [8-6]. On January 29, 2015, Jones County Circuit Court denied Petitioner's Motion for Rehearing. Order [8-7]. On February 5, 2015, Petitioner filed the instant Petition for Writ of Habeas Corpus [1].[4] Thereafter, Respondent filed his Motion to Dismiss [8], asserting that the Petition was not timely filed and should be dismissed.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(a); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). The Fifth Circuit has further clarified that the time for seeking direct review includes

---

[2] *See* http://www.supremecourt.gov/docket/docket.aspx (last visited June 9, 2015).

[3] Petitioner signed both Motions for Post Conviction Relief on November 13, 2014.

[4] The Petition was signed on February 5, 2015 and stamped "filed" in this Court on February 12, 2015. "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Weighing all doubts in Petitioner's favor, the Court will use the earlier date of February 5, 2015.

the ninety (90) days allowed for a petition to the United States Supreme Court following an entry of judgment by the state court of last resort. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In this case, the Mississippi Supreme Court denied certiorari on December 8, 2011. Thus, Petitioner's conviction became final on March 7, 2012, ninety (90) days after the state's highest court denied certiorari review of his case. Petitioner was required to file his federal habeas petition by March 7, 2013, one year after his conviction became final. As Petitioner did not file the instant petition until February 5, 2015, it is time barred absent statutory or equitable tolling.

**Statutory Tolling**

Petitioner is entitled to statutory tolling of the one year time period for any time during which a properly filed application for State post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitioner is not entitled to statutory tolling when he did not "file a federal habeas petition or any other form of collateral attack on his conviction until after the statute of limitations had already expired." *Medley v. Thaler*, 660 F.3d 833, 834 (5th Cir. 2011). Petitioner's one year AEDPA statute of limitations expired on March 7, 2013. As noted above, Petitioner signed both Motions for Post Conviction Relief on November 13, 2014. Petitioner did not file his first Motion for Post Conviction Relief until November 17, 2014, and did not file the second until November 19, 2014. Because Petitioner failed to file either of his state motions before March 7, 2013, he is not entitled to statutory tolling.

**Equitable Tolling**

The application of the equitable tolling doctrine in a federal habeas petition rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*,

158 F.3d 806, 811 (5th Cir. 1998). The equitable tolling doctrine is appropriate "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (citing *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996))). Petitioner must also demonstrate that "he has been pursuing his rights diligently." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2013) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of proving the existence of sufficiently rare and exceptional circumstances that trigger equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Moreover, ignorance of the law does not justify equitable tolling and is not an excuse for failure to file promptly. *Id.*

Though Petitioner did not address his untimeliness in either his initial Petition [1] or his Amended Petition [5], Petitioner invokes the equitable tolling doctrine in his "Motion to Stay and/or Motion to Prosecute Proceeding." Motion [9] at 6, 15. Petitioner argues that he is entitled to equitable tolling on grounds that he was being assisted by "PPS Legal Research Clinic" and paralegal Robert Tubwell, who was engaged in the unauthorized practice of law. Motion [9] at 7. However, the "equitable tolling doctrine is appropriate principally where the plaintiff is actively mislead *by the defendant*." *Ott* 192 F.3d at 513 (emphasis added). In this case, Petitioner has failed to prove that the Defendant mislead him in any way and instead argues that Tubwell mislead him.

Petitioner contends that Tubwell was engaged in the unauthorized practice of law.[5]

---

[5]The record reflects that the Mississippi Bar Association agrees that Robert Tubwell was engaged in the unauthorized practice of law. Letter [9-11]; Letter [9-12]. That finding is not germane to and does not affect this recommendation, because, as explained below, Tubwell's

However, Petitioner fails to explain why he relied on Tubwell's advice and why that reliance triggers equitable tolling. Tubwell clearly indicates, via a bold print disclaimer enclosed in a box on every page of correspondence, that he "cannot give legal advice" and "that nothing said in this letter or any communication . . . should be implied or construed as being legal advice or representation or the practice of law in any manner." Letter [9-1]. Petitioner fails to explain why he would rely on Tubwell's advice despite these disclaimers. Furthermore, none of the advice that Tubwell provided would have lead Petitioner to file his Petition outside the limitations period. In fact, Tubwell appropriately encouraged Petitioner to file his various state motions in a timely[6] manner. *See, e.g.*, Letter [9-1].[7]

**<u>Miscarriage of Justice</u>**

Petitioner further contends that failure to allow his Petition results in a miscarriage of justice because the State failed to prove every element of the offense and because of his trial counsel's ineffectiveness. Petition [1] at 5; Amended Complaint [5] at 2; Motion [9] at 9; 10. The

---

advice would not have caused Petitioner to file his Petition outside the AEDPA statute of limitations.

[6]Tubwell incorrectly informed Petitioner that his one year AEDPA time limit began to run on the date that the Mississippi Supreme Court mandate denying certiorari was filed. In fact, Petitioner's AEDPA time limit began to run ninety (90) days after the Mississippi Supreme Court denied certiorari. However, Tubwell's misinformed advice would have caused Petitioner to believe that his AEDPA statute of limitations expired on December 8, 2012, ninety (90) days *before* March 7, 2013.

[7]Additionally, after Petitioner's conviction became final, he waited more than two and a half years to file an application for post-conviction collateral relief and waited nearly three years to file the instant Petition. This extended period of inactivity does not constitute due diligence. *See Manning*, 688 F.3d at 183–87. Because Petitioner did not diligently pursue his claims and because the record reveals no rare and exceptional circumstances, equitable tolling does not save Petitioner's untimely Petition.

fundamental miscarriage of justice exception, if credible, "may allow a prisoner to pursue his constitutional claims . . . notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931–32 (2013). However, the miscarriage of justice exception "applies to a severely confined category: cases in which new evidence shows it is more likely than not that 'no reasonable juror' would have convicted the petitioner." *McQuiggin*, 133 S.Ct. at 1927 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Such claims are strictly limited to claims of actual innocence supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, "without any new evidence of innocence, even the existence of a conceitedly meritorious violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to the merits of a barred habeas claim." *Id*. at 326.

In support of his miscarriage of justice claim, Petitioner asserts the evidence presented at trial was insufficient to support his conviction. He also argues that his trial counsel was ineffective. However, Petitioner fails to provide any "new reliable evidence" demonstrating his innocence. Petitioner's arguments fall far short of the high bar required to demonstrate actual innocence. Petitioner has failed to meet his burden of proving that additional statutory or equitable tolling is appropriate. Accordingly, Petitioner's federal habeas petition is time barred.[8]

---

[8]Respondent submits in the alternative that Petitioner's claims are barred because he has failed to exhaust the state court's highest remedies pursuant to 28 U.S.C. § 2254(b–c). Because the instant petition is time barred, an analysis of Petitioner's failure to exhaust his state claims is unnecessary.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that

1. Respondent's Motion to Dismiss [8] be GRANTED;

2. Petitioner's Motion to Stay and/or Motion to Prosecute Proceeding [9][9] be DENIED; and

3. Petitioner's Petition for Writ of Habeas Corpus be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United States Auto. Ass'n.*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

THIS the 12th day of June, 2015.

/s/ Michael T. Parker
United States Magistrate Judge

---

[9]As noted above, this motion is essentially Petitioner's response to the Motion to Dismiss [8] and presents further argument in support of the Petition [1].